# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        )
)
        Respondent,     )
)
    v.          )
)
KEVIN L. KIMBROUGH    )
)    I.D. No. 1904013731
        Defendant.    )
)
)

Submitted: September 15, 2025
Decided: October 22, 2025

## ORDER[1]

**1.** In July 2019, a grand jury indicted Defendant Kevin L. Kimbrough on attempted first-degree murder, attempted first-degree carjacking, possession of a deadly weapon during the commission of a felony ("PDWDCF"), and first-degree unlawful imprisonment.

**2.** On November 27, 2019, Defendant pled guilty to first-degree assault (a lesser-included offense of attempted murder), PDWDCF, and first-degree unlawful imprisonment.

**3.** On February 13, 2020, following a presentence investigation, this Court sentenced Defendant on all three convictions. For Assault in the First Degree, the Court imposed 25 years at Level V, suspended after 20 years for one year at Level IV Work Release and two years at Level III probation. For PDWDCF, the Court imposed a consecutive 10 years at Level V, with two years as a statutory minimum

---

[1] Citations in the form of "D.I ___" refer to docket items.

term. For Unlawful Imprisonment in the First Degree, the Court imposed two years at Level V, suspended after six months for one year of Level III probation to run concurrently. In total, Defendant received an aggregate sentence of 30 years and 6 months of unsuspended Level V incarceration, followed by decreasing levels of supervision.

4. In announcing the sentence, the Court identified at least seven aggravating factors, including lack of amenability to probation, excessive cruelty, and lack of remorse, and found no mitigating factors.[2]

5. Defendant filed the present Motion under Superior Court Criminal Rule 35(a), alleging that his sentence is illegal under *Erlinger v. United States*[3] because aggravating factors were not proven to a jury beyond a reasonable doubt and because the State allegedly agreed to a shorter term.

6. In *Erlinger*, the Court held that facts that increase a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be found unanimously by a jury and beyond a reasonable doubt.[4]

7. Criminal Rule 35(a) permits correction of an illegal sentence at any time, but only where the sentence exceeds statutory limits, violates double jeopardy, is ambiguous or internally contradictory, omits a required term, or is unauthorized by the judgment.[5] The Court may correct an illegally imposed sentence within 90 days of its imposition.[6]

8. Defendant's aggregate sentence falls within the statutory ranges for each conviction. Assault in the First Degree, a Class B felony, carries a statutory

---

[2] *State v. Kimbrough,* I.D. No. 1904013731, at 11:12–23, 12:1–21 (Del. Super. Feb. 13, 2020) (TRANSCRIPT) (D.I. 15).
[3] 602 U.S. 821 (2024).
[4] *Erlinger*, 602 U.S. at 833.
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[6] Super. Ct. Crim. R. 35(a) and (b).

penalty of 2 to 25 years at Level V.[7] PDWDCF, a Class B felony, carries a statutory penalty of 2 to 25 years at Level V.[8] Unlawful Imprisonment in the First Degree, a Class G felony, carries up to 2 years at Level V.[9] Defendant's sentences on each conviction fell within these statutory limits.

9. *Erlinger* held that a jury must decide any fact that increases a statutory maximum or minimum penalty.[10] In contrast, here, Defendant pled guilty, thereby admitting the elements of the offenses, and the Court's consideration of aggravating factors did not alter statutory sentencing ranges. Furthermore, the Court "did not determine any fact which increased [Defendant's] minimum or maximum penalty.[11] The sentence imposed was discretionary, not an enhancement.

10. The record does not reflect a plea agreement to recommend a sentence lower than that imposed by the Court. Regardless, the Court would not be bound by any such recommendation "and is free to sentence defendants to any sentence within the statutory range."[12] During the plea colloquy Defendant acknowledged his potential exposure to the maximum sentence to each charge to which he pled.[13]

## CONCLUSION

11. Because Defendant's sentence was within the statutory limits and imposed in accordance with Delaware law, it is not illegal for purposes of Rule 35(a), and *Erlinger* does not apply.

---

[7] 11 *Del. C.* §§ 613(c), 4205(b)(2).
[8] 11 *Del. C.* §§ 1447(a), 4205(b)(2).
[9] 11 *Del. C.* §§ 782, 4205(b)(7).
[10] *Erlinger*, 602 U.S. at 833.
[11] *State v. Evans*, 2025 WL 1913193, at *3 (Del. Super. July 11, 2025).
[12] *State v. Brown*, 2025 WL 2207206, at *2 (Del. Super. Aug. 4, 2025).
[13] *State v. Kimbrough,* I.D. No. 1904013731, at 5:13–17, 8:14–17 (Del. Super. Nov. 27, 2019) (TRANSCRIPT) (D.I. 18).

**WHEREFORE**, Defendant's Motion for Correction of an Illegal Sentence is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
*Via Email and State Mail*
oc:  Kevin Kimbrough, *Pro Se*, SCI – *Via State Mail*
cc:  Counsel of Record